U.S. Department of Justice

**United States Attorney**
**District of New Jersey**

---

970 Broad Street, Suite 700  
Newark, NJ 07102

973/645-2700

Malagold/PL AGR  
2006R00647

RECEIVED

August 21, 2006

OCT 10 2006  
AT 8:30  
WILLIAM T. WALSH — M  
CLERK

Kevin Carlucci, Esq.  
Assistant Federal Public Defender  
972 Broad Street  
Newark, NJ 07102

Re: <u>Plea Agreement with Corey Hamlet</u>

Dear Mr. Carlucci:

This letter sets forth the plea agreement between your client, Corey Hamlet, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Corey Hamlet to Counts One and Two of the Superseding Indictment which charge distribution of MDMA (Ecstasy) on or about May 30, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One) and distribution of heroin on or about June 4, 2003, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count Two). If Corey Hamlet enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will move to dismiss Count Three through Nine of the Superseding Indictment, provided that Corey Hamlet admits under oath at the time of his guilty plea to having distributed or aided and abetted the distribution of heroin in violation of 21 U.S.C. § 841 as charged in the Superseding Indictment, and these additional alleged drug distributions are taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c). However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Corey Hamlet may be commenced against him, notwithstanding the expiration of the limitations period after Corey Hamlet signs the agreement. Corey Hamlet agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Corey Hamlet signs the agreement.

## Sentencing

The violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) to which Corey Hamlet agrees to plead guilty each carry a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to Corey Hamlet. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Corey Hamlet is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Corey Hamlet ultimately will receive.

Further, in addition to imposing any other penalty on Corey Hamlet, the sentencing judge: (1) will order Corey Hamlet to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Corey Hamlet to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Corey Hamlet, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense (4) may deny Corey Hamlet certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 must require Corey Hamlet to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Corey Hamlet be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Corey Hamlet may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Corey Hamlet by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Corey Hamlet's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Corey Hamlet agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Corey Hamlet from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Corey Hamlet waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Corey Hamlet. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue), or any third party from initiating or prosecuting any civil proceeding against Corey Hamlet.

### No Other Promises

This agreement constitutes the plea agreement between Corey Hamlet and this Office and supersedes any previous agreements between them. No additional

promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

APPROVED:

AIDAN P. O'CONNOR
Chief, Violent Crimes Unit

I have received this letter from my attorney, Kevin Carlucci, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

Corey Hamlet                               Date: 9-20-06

Kevin Carlucci, Esq.                       Date: 9/20/06

## Plea Agreement With Corey Hamlet

### Schedule A

1. This Office and Corey Hamlet recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Corey Hamlet nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Corey Hamlet within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Corey Hamlet further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2005, applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

   A. This offense involved the distribution of approximately 49.8 grams of a mixture or substance containing heroin;

   B. This offense involved the distribution of approximately 24.5 grams (99 pills) of a mixture or substance containing 3, 4-Methylenedioxymethamphetamine (MDMA or "ecstasy); and

   C. The total Marihuana Equivalency is approximately 62,050 grams based on the Sentencing Guidelines Drug Equivalency Tables for a Base Offense Level of 22.

3. As of the date of this letter, Corey Hamlet has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 (two) levels for acceptance of responsibility is appropriate if Corey Hamlet's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4. As of the date of this letter, Corey Hamlet has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources effectively. If the offense level is 16 or greater, Corey Hamlet is entitled to an additional decrease of 1-level pursuant to U.S.S.G. § 3E1.1(b), unless Corey Hamlet indicates an intention not to enter a plea of guilty or attempts to withdraw a plea of guilty entered into pursuant to this agreement, thereby forcing the government to prepare for trial.

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Corey Hamlet is 19 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

7. Corey Hamlet knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.